IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HARRY JAMES JOHNSON,<br>Plaintiff, | : <br> : |
| v. | :    CIVIL ACTION NO. 18-CV-4651 |
| PRIMECARE MEDICAL, et al<br>Defendants. | : <br> : |

## MEMORANDUM

SCHMEHL, J.                                                  JULY //, 2019

Plaintiff Harry Johnson ("Johnson") brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, based on events that allegedly occurred while he was incarcerated as a pretrial detainee at the Montgomery County Correctional Facility ("MCCF"). Named as defendants are PrimeCare Medical, a number of its medical employees (collectively, "PrimeCare Medical Defendants") and well as Lt. Rebecca Perkins of MCCF. The Court previously granted Johnson's request to proceed in forma pauperis. [ECF 7.] Presently before the Court is the PrimeCare Medical Defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons that follow, the motion will be granted. The Complaint will also be dismissed as to defendant Lt. Rebecca Perkins pursuant to 28 U.S.C. section 1915 (e)(2)(B)(ii) for failure to state a claim.

### I.    FACTS

Johnson claims he has been "declared disabled by a Philadelphia Judge of the disability court" as a result of degenerative disc disease of the lower back as well as

1

from arthritis across his lower back and down both legs. Johnson maintains that prior to his admission to MCCF, he was prescribed Gabapentin, Vicodin and Baclofen for chronic pain. He alleges that once he was incarcerated, these medications were confiscated and Robaxin, Pamelor and extra strength Tylenol were prescribed. According to Johnson, none of these new medications alleviate his chronic pain to the extent the original medications did. He claims that despite his requests to be seen by a doctor, he has only been seen by a nurse practitioner. He claims the PrimeCare Medical Defendants' refusal to prescribe his original medications amounts to deliberate indifference to his serious medical needs. Johnson also claims Lt. Rebecca Perkins negligently failed to investigate his health status before reporting that Johnson had been medically cleared to be removed from "bottom bunk status."

## II. STANDARD OF REVIEW

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible if the facts pleaded "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When evaluating a Rule 12(b)(6) motion, the Court first must separate the legal and factual elements of the plaintiff's claims. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The Court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Id.* at 210–11. The Court must then "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for

relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). As Johnson is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A. Claims against Dr. Johnathan Cowen, Kevin Frantz, Joseph Lynch, H.S.A. and Zuying Fan, PA-C.

To state a constitutional claim based on the failure to provide medical treatment, a prisoner must allege facts indicating that prison officials were deliberately indifferent to his serious medical needs.[1] *See Farmer v. Brennan*, 511 U.S. 825, 835 (1994). A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

---

[1] As it appears that Johnson was a pretrial detainee at the time of the events in question, the Fourteenth Amendment governs his claims. *See Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). However, the standard under the Eighth Amendment and Fourteenth Amendment for claims related to a prisoner's medical needs is essentially the same for purposes of the analysis. *See Parkell v. Morgan*, 682 F. App'x 155, 159 (3d Cir. 2017) (per curiam); *see also Moore v. Luffey*, No. 18-1716, 2019 WL 1766047, at *3 n.2 (3d Cir. Apr. 19, 2019) (declining to address whether a new standard applies to claims raised by pretrial detainees based on issues related to medical care).

3

"A medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted). Deliberate indifference has been found "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Allegations of medical malpractice and mere disagreement regarding proper medical treatment are insufficient to establish a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004). Furthermore, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

Notably, Johnson's allegations make clear that he received medication for his pain, just not the medication he had been apparently receiving prior to his incarceration. The allegations also make clear that while he was not seen by a doctor, he was evaluated by a nurse practitioner. While Johnson may have disagreed with the medicine he was prescribed and that he was not evaluated by a doctor, he has not alleged any facts from which one could plausibly infer that his medical needs were regarded with deliberate indifference. Accordingly, the Court will dismiss Johnson's claims against Dr. Johnathan Cowen, Kevin Frantz, Joseph Lynch, H.S.A. and Zuying Fan, PA-C.

### B. Claims Against PrimeCare Medical

A private corporation under contract to provide prison health services such as PrimeCare Medical may be liable under § 1983 only if that entity's policies or customs caused the alleged constitutional violation. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009). As noted above, Johnson has failed to allege facts to plausibly establish that anyone acted with deliberate indifference to his serious medical needs. But even if he had, Johnson has not alleged any facts suggesting that a policy or custom of PrimeCare caused any of the claimed constitutional violations. Accordingly, he has not stated a claim against PrimeCare.

### C. Claim against Lt. Rebecca Perkins

Although defendant Lt. Rebecca Perkins did not return an executed waiver of service, the Court will dismiss the Complaint as to Lt. Perkins because it fails to state a claim against her upon which relief can be granted. 28 U.S.C. section 1915(e)(2)(B)(ii). Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice.

As noted above, Johnson claims that Lt. Rebecca Perkins negligently failed to investigate his health status before reporting that Johnson had been medically cleared to be removed from "bottom bunk status." As such, Johnson's claim against Lt. Perkins sounds in negligence. However, proof of negligence alone is insufficient to impose liability under section 1983. *Davidson v. Cannon,* 474 U.S. 344, 347, 106 S. Ct. 668, 670, 88 L. Ed. 2d 677 (1986); *Daniels v. Williams,* 474 U.S. 327, 330, 106 S. Ct. 662, 664, 88 L. Ed. 2d 662 (1986). Therefore, Johnson's claim against Lt. Perkins will also be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the PrimeCare Medical Defendants' motion to dismiss is granted and the Complaint is dismissed as to defendants PrimeCare Medical, Dr. Johnathan Cowen, Kevin Frantz, Joseph Lynch, H.S.A. and Zuying Fan, PA-C. The Complaint is also dismissed for failure to state a claim against defendant Lt. Rebecca Perkins pursuant to 28 U.S.C. section 1915 (e)(2)(B)(ii).